Dear Ms. Brantley:
As Director of the Agency for Persons with Disabilities,[1] you ask the following question:
Does Article X, section 24, Florida Constitution, establishing a minimum wage in Florida, include the exemptions found in 29 United States Code section 214 of the Fair Labor Standards Act and any other relevant provisions within the Act or its implementing regulations?
During the November 2004 general election, Florida voters passed Amendment 5 establishing a state minimum wage. Subsection (c) of this constitutional provision (designated as Article X, section 24) established a state minimum wage of $6.15 as of May 2, 2005. On September 30 of this year and on each following September 30,
 "the state Agency for Workforce Innovation shall calculate an adjusted Minimum Wage rate by increasing the current Minimum Wage rate by the rate of inflation during the twelve months prior to each September 1st using the consumer price index for urban wage earners and clerical workers, CPI-W, or a successor index as calculated by the United States Department of Labor. Each adjusted Minimum Wage rate calculated shall be published and take effect on the following January 1st."[2]
Article X, section 24(f) specifically provides that implementing legislation is not required in order to enforce this amendment, although the state Legislature may by statute establish additional remedies or fines for violations, raise the minimum wage rate, reduce the tip credit, or extend coverage of the minimum wage to employees or employers not covered by the amendment. In addition, the Legislature by statute, or the Agency for Workforce Innovation by rule, may adopt any measure appropriate for implementation of the amendment. The amendment specifically provides that it shall not be construed to preempt the authority of the Legislature or any other public body to adopt any law, regulation, requirement, policy or standard providing for payment of higher wages or benefits or extending those benefits to others not covered by the amendment.[3]
Attempts to adopt legislation implementing Article X, section 24, Florida Constitution, during the 2005 legislative session failed.[4]
Questions have therefore arisen regarding the interpretation of this constitutional amendment and the extent to which its implementation is governed by the provisions of the federal Fair Labor Standards Act (FLSA).
Subsection (b) of Article X, section 24, Florida Constitution, provides that the terms "Employer," "Employee" and "Wage" shall have the meanings established under the FLSA and its implementing regulations. In addition, subsection (f) provides in part that "[i]t is intended that case law, administrative interpretations, and other guiding standards developed under the FLSA shall guide the construction of this amendment and any implementing statutes or regulations." The ballot summary presented to the voters at the 2004 election stated that the amendment "creates a Florida minimum wage covering all employees in the state covered by the federal minimum wage."
The Florida Supreme Court in Advisory Opinion to the Attorney GeneralRe: Florida Minimum Wage[5] stated:
 "As an initial matter, it is important to point out that the proposed amendment does not make a specific reference to section 203 [the definitions section of the FLSA], but instead incorporates a reference to the entire body of law under the FLSA. Moreover, the proposed amendment does not state that it is adopting the FLSA's definition of the term "employee," but provides that it is adopting the meaning of the term "employee," which is a much broader concept. . . . Thus, the amendment includes both the definition of employee, found in section 203 of the FLSA, the exemptions found in section 213 of the FLSA, and any other relevant provision within the FLSA or its implementing regulations. In further support of this construction, section (f) of the proposed amendment clearly states, "It is intended that case law, administrative interpretations, and other guiding standards developed under the federal FLSA shall guide the construction of this amendment and any implementing statutes or regulations.". . . Accordingly, we find the summary accurately reflects the scope of the amendment because both the summary and the amendment clearly state that employees covered under federal minimum wage will be the same employees covered under the state minimum wage." (e.s.)
During the oral argument before the Supreme Court, the proponent for the amendment indicated that the amendment looks to the entire federal law, the code of federal regulations, case law and other standards for guidance regarding the interpretation and application of the Florida minimum wage rather than merely the definitions for "Employer," "Employee" and "Wage" contained in the FLSA.[6]
In light of the above, it appears that the constitutional amendment was intended to incorporate the federal FLSA provisions, including its exceptions and exemptions, into the Florida minimum wage amendment, unless Article X, section 24, Florida Constitution, specifically provides otherwise. Thus, the provisions relating to a commensurate wage authorized under section 214 of the FLSA would appear to be applicable under the Florida minimum wage amendment.
Article X, section 24, Florida Constitution, does contain provisions that vary from the federal act. For example, the Minimum Wage amendment provides for its periodic adjustment in subsection (c) without legislative action, unlike the FLSA's requirement for Congressional action to adjust the federal minimum wage. That provision also states that for tipped employees meeting eligibility requirements for the tip credit under the FLSA, employers may credit toward satisfaction of the minimum wage tips "up to the amount of the allowable FLSA tip credit in 2003," thus fixing the tip credit to a specific year. Subsection (f), however, authorizes the state Legislature to reduce the tip credit.
Both the state minimum wage provision and the FLSA contain provisions prohibiting retaliation. Article X, section 24(d), Florida Constitution, states that it is unlawful for an employer or any other party to discriminate in any manner or take adverse action against any person in retaliation for exercising rights under the amendment. Such rights include the right to file a complaint or inform any person of a party's alleged noncompliance and the right to inform any person of his or her rights under the amendment and to assist that person in asserting such rights. The FLSA makes it unlawful for any person to discharge or discriminate against an employee for filing a complaint or instituting a proceeding under the FLSA or from testifying in any such proceeding; an employer who retaliates against an employee is subject to such legal or equitable relief as may be appropriate.
The Florida constitutional amendment contains provisions relating to its enforcement. It authorizes any affected individual or the Attorney General (or other official designated by statute) to bring a civil action within four years (unless the violation is willful, then five years) against an employer violating its terms. The FLSA imposes a two-year statute of limitations unless the violation is willful, in which case it is three years. The state constitution provides only for civil enforcement, authorizing a successful complainant to recover the full amount of any back wages unlawfully withheld plus the same amount as liquidated damages, plus reasonable attorney's fees and costs. In addition, a complainant is entitled to such legal or equitable relief to remedy the violation. A fine of $1,000 payable to the state for willful violations may also be imposed. For willful violations, the FLSA authorizes a fine of not more than $10,000 or imprisonment for not more than six months. The Florida constitutional amendment specifically allows actions to be brought as class actions pursuant to Rule 1.220 of the Florida Rules of Civil Procedure.
Accordingly, it is the position of this office that, until legislatively or judicially determined otherwise, Article X, section 24, Florida Constitution, incorporates the provisions of the federal Fair Labor Standards Act (29 United States Code 201 et seq.), including its exceptions and exemptions, into the Florida minimum wage amendment, to the extent not addressed by Article X, section 24, Florida Constitution.
Sincerely,
 Charlie Crist Attorney General.
CC/tjw
[1] The Agency for Persons with Disabilities is housed within the Department of Children and Family Services for administrative purposes only and is responsible, among other things, for the provision of all services provided to persons with developmental disabilities pursuant to Ch. 393, Fla. Stat. See s. 20.197, Fla. Stat.
[2] Article X, s. 24(c), Fla. Const. 
[3] Article X, s. 24(f), Fla. Const. 
[4] See, e.g., SB 2638 (2005), SB 1792 (2005) and HB 1709 (2005). House Bill 1709, which passed the House of Representatives but died in the Senate Committee on Commerce and Consumer Services, specifically provided that the provisions of ss. 213 and 214 of the federal FLSA, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, were incorporated herein. Senate Bill 2638, which contained a similar provision, died in the Senate Committee on Transportation and Economic Development Appropriations. Senate Bill 1792, which provided that only those individuals who are entitled to receive the federal minimum wage under the federal FLSA and implementing regulations are eligible to receive the state minimum wage under Art. X, s. 24, Fla. Const., died in Senate Committee on Commerce and Consumer Services.
[5] 880 So. 2d 636, 641-642 (Fla. 2004).
[6] Id.